UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

―――――――――――――――――――――――――――――――――――――――――――――――――――――――

BRIAN MARK BURMASTER,

    Plaintiff,

    v.                                                      Case No. 17-CV-1675

STEPHEN J. HERMAN and
THE LAW FIRM OF HERMAN, HERMAN
AND KATZ,

    Defendants.

―――――――――――――――――――――――――――――――――――――――――――――――――――――――

**DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

―――――――――――――――――――――――――――――――――――――――――――――――――――――――

Brian Mark Burmaster filed a *pro se* complaint against attorney Stephen J. Herman and the Law Firm of Herman, Herman and Katz alleging violations of 42 U.S.C. § 1983 and 18 U.S.C. § 1964. The defendants have filed a motion to dismiss Burmaster's complaint on multiple grounds, including: lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and insufficient service of process. Fed. R. Civ. P. 12(b)(1)-(4). For the reasons that follow, the defendants' motion to dismiss is granted.[1]

## BACKGROUND

Burmaster alleges that he is a resident of Milwaukee and was recently incarcerated for more than two years without first having a trial as mandated by the Sixth Amendment. (Docket # 1 at 1.) In reviewing documents attached to Burmaster's complaint, it appears that from March 21, 2013 to April 22, 2013, while in Beirut, Burmaster sent emails to

―――――――――――――

[1] The defendants filed a motion to dismiss the plaintiff's complaint (Docket # 4) and then re-filed the motion to dismiss "so that an attorney of record with standing and license to practice in the Eastern District of Wisconsin has filed the documents," (Docket # 9 at 1). Thus, the defendants' original motion to dismiss (Docket # 4) is denied as moot.

Attorneys Stephen Herman and James Roy, who were working at a law firm in Louisiana. (Docket # 1-1 at 31.) The law firm was involved in a lawsuit filed against British Petroleum ("BP") for damage caused by an oil spill in the Gulf of Mexico. (*Id.*) In those emails, Burmaster allegedly threatened to physically harm the attorneys if they proceeded with the lawsuit against BP. (*Id.*) Burmaster was indicted on allegations of making threatening communications; however, there was some concern about his mental status. (*Id.* at 13.)

Burmaster alleges that the U.S. Government psychiatrist denied him the right to a trial by falsely stating that Burmaster was incompetent to stand trial. (Docket # 1 at 1.) Burmaster alleges that defendant Herman "manufactured" a "criminal complaint" against him. (*Id.*) Burmaster further alleges the he was illegally arrested and detained and the United States Department of Justice "never had a credible case against [Burmaster], since a lot of my exculpatory evidence was intentionally deleted" and his "alleged 'threat' was actually reading [Burmaster's] Writ of Certiorari to the US Supreme Court to this corrupt Louisiana trial lawyer, Steve Herman . . . ." (*Id.* at 2-3.)

Burmaster asks the court for the following relief: (1) to recognize that Burmaster was internationally extradited from Switzerland to stand trial in the United States and analytical chemical data of toxic heavy metal poisoning is statistically significant and must take precedence over opinions of oppressive US Government employees; (2) damages under RICO and a lien against Herman and his law firm; (3) an opinion stating that the United States is not a rogue nation; and (4) permanent disbarment of Steve Herman. (*Id.* at 3.)

## ANALYSIS

The defendants move to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and insufficient service of process. Ultimately, however, this court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). When reviewing a complaint, I am obliged to give a *pro se* plaintiff's allegations a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A frivolous claim is one that "no reasonable person could suppose to have any merit," *Lee v. Clinton*, 209 F. 3d 1025, 1026 (7th Cir. 2000), meaning that it lacks an arguable basis in law or fact, *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When deciding whether a claim is frivolous, a judge does not have to accept every allegation as true. Instead, the court has "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327-28.

Burmaster alleges violations under 42 U.S.C. § 1983 and 18 U.S.C. § 1964. To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting

under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Although Burmaster alleges that he was denied his Sixth Amendment right to a trial, he does not allege that Attorney Herman or the Herman law firm violated his constitutional rights. Nor does he allege that the defendants were acting under color of state law. For these reasons, he fails to state a claim under § 1983 against the defendants.

The civil Racketeer Influenced and Corrupt Organizations Act ("RICO") cause of action arises under 18 U.S.C. § 1964(c), which provides:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . .

Section 1962 contains several subsections and each subsection has significant substantive differences. While Burmaster does not allege which subsection of § 1962 he is suing under, the existence of an "enterprise" and a "pattern of racketeering" are elements fundamental to each subsection. 18 U.S.C. § 1962. Accordingly, to state a claim for a RICO violation, a plaintiff must allege a cognizable injury to his business or property resulting from the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *See Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006). RICO "it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." *Id.* Beyond alleging that Attorney Herman is "corrupt" and manufactured a "criminal complaint" against him, Burmaster fails to allege Attorney Herman or the Herman law firm engaged in racketeering activity as defined by 18 U.S.C. § 1961(1). Thus, Burmaster has failed to state a

claim under RICO. For these reasons, Burmaster's complaint is dismissed for failure to state a claim.

Alternatively, I dismiss this case because Burmaster's claims are legally frivolous. Burmaster asks for relief this court cannot grant, namely, to recognize that Burmaster was internationally extradited from Switzerland to stand trial in the United States and analytical chemical data of toxic heavy metal poisoning is statistically significant and must take precedence over opinions of oppressive US Government employees; to impose a lien against the defendants and deposit money into Burmaster's bank account; to author an opinion stating the United States is not a rogue nation; and to permanently disbar Attorney Herman. (Docket # 1 at 3.) No reasonable person could find that the claims described in the complaint have a valid legal or factual basis. For these reasons, Burmaster's complaint is also dismissed as frivolous.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss (Docket # 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is dismissed. The Clerk of Court will entered judgment accordingly.

Dated at Milwaukee, Wisconsin this 6th day of February, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge